## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DOUGLAS L. PARKER,

       Plaintiff,

vs.                                                                   No. CIV 05-469 JB/RLP

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOREST SERVICE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant United States of America's Motion for Summary Judgment, filed September 30, 2005 (Doc. 6). The Court held a hearing on this motion on January 25, 2006. The primary issues are: (i) whether Defendant United States Department of Agriculture, Forest Service ("Forest Service") has conducted a reasonable search for the records that Plaintiff Douglas Parker requested; and (ii) whether the documents that the Forest Service has withheld or redacted fall under an exemption to the Freedom of Information Act ("FOIA"). Because the Forest Service has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents, and because the documents that the DOA has withheld or redacted fall under Exemption 5 to the FOIA, the Court will grant the motion.

## PROCEDURAL BACKGROUND

Parker was a career Forest Service employee. On December 10, 2004, Parker submitted a FOIA request that sought copies of documents from the Forest Service about its pesticide programs in its Southwestern Region. See Complaint ¶ 10, at 3-4, filed April 25, 2005 (Doc. 1). Specifically, Parker requested copies of seven categories of documents, among which were: (i) delegations of

authorities from the Regional Forester to Forester Supervisors and other line officers approving the use of pesticides; (ii) environmental decision documents, or similar documentation, related to the National Environmental Policy Act for approved pesticide use programs; and (iii) documentation evidencing the training and certification of Forest Service employees who applied or supervised the use of pesticides.  See id.  In conducting its searches, the Forest Service FOIA Coordinators enlisted the assistance of the District Rangers and of the pesticide personnel at the three national forests. Further, Forest Service personnel searched through program files relating to pesticide use programs and NEPA matters to retrieve materials responsive to Parker's FOIA requests.

On June 9, 2005, the Forest Service responded by providing Parker with 869 responsive pages in their entirety and fifteen redacted pages; the Forest Service withheld forty-four pages in full.  See Declaration of Rita M. Morgan ¶ 8, at 2 (executed September 28, 2005)(hereinafter "Morgan Decl."). The Forest Service asserts that the forty-four withheld pages and two of the redacted pages fall under Exemption 5.[1]  See id. ¶¶ 10-14, 16, at 2-3.  The Forest Service further contends that the remaining redacted documents satisfy Exemption 6.  See id. ¶¶ 17-19, at 3-4.

Before the Forest Service responded to Parker's FOIA request, Parker filed this suit, alleging that the Forest Service improperly withheld responsive records and requesting that the Court enjoin the Forest Service to provide the records immediately.  See Complaint ¶¶ 21-23, at 6-7.  On

---

[1] In her declaration, Morgan states that seven of these forty-four withheld pages come within Exemption 6.  See Morgan Decl. ¶ 13, at 3.  The Court believes, however, that Morgan actually means Exemption 5,  because the United States argues that all of the forty-four withheld pages meet Exemption 5's requirements.  See Memorandum in Support of Summary Judgment at 3, filed September 30, 2005 (Doc. 7).  Also, she states that these documents contain comments on a draft Environmental Impact Statement, which, if true, would appear to make these pages agency memoranda under Exemption 5.  The Court concludes likewise regarding pages of a draft of review notes of a draft Environmental Impact Statement.  See Morgan Decl. ¶ 11, at 2-3.

September 30, 2005, the Forest Service moved for summary judgment on the basis that it properly withheld or redacted responsive documents under Exemptions 5 and 6.  <u>See</u> Memorandum in Support of Summary Judgment at 3-18, filed September 30, 2005 (Doc. 7).

In response, Parker contends that the Forest Service is using Exemption 6 as a "red herring," because Parker specifically excluded personal data from his request; further, Parker asserts that Exemption 5 does not shield any of the documents, because they are not predecisional.  <u>See</u> Response at 9-10, filed November 2, 2005 (Doc. 8).  Parker also argues that the Forest Service has not provided all responsive documents, because it did not provide responsive documents concerning the Cibola National Forest, Carson National Forest, and the Lincoln National Forest.  <u>See</u> <u>id.</u> at 10-11. The Forest Service replied that it had turned over sixty-seven pages of responsive documents from the Lincoln National Forest after the initial search and nine pages from the Carson National Forest after a subsequent search in November 2005.  <u>See</u> Reply at 3, filed December 2, 2005 (Doc. 14).  The Forest Service represents that it has not found any further responsive documents concerning these forests after a reasonably calculated search, made in good faith, to uncover responsive documents. <u>See</u> <u>id.</u>

At the hearing, Parker's counsel suggested that the proper way to resolve the parties' impasse is for the Court to examine whether the forty-four withheld pages should be handed over to Parker. <u>See</u> Transcript of Hearing at 7:5-12, 9:13-15 (taken January 25, 2006).[2]  Parker's attorney also informed the Court that his client had obtained responsive documents on the Cibola National Forest from a source other than the Forest Service, casting doubt on the Forest Service's contention that

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

-3-

it has turned over all of its responsive documents; consequently, Parker's counsel requested that the Court create an "independent review process" to allow him to determine if there are further responsive documents. Id. at 7:23-9:11. Parker's attorney confirmed that he is only concerned with the absence of responsive documents on the Cibola National Forest. See id. at 8:10-15. Parker's counsel did not contradict the Court that it appeared that the only dispute between the parties on the exemptions was on the documents withheld under Exemption 5. See id. at 15:1-21.

The Forest Service agreed that the Court should review the forty-four pages in camera to determine the exemptions' applicability. See id. at 10:23-11:1. The Forest Service argued that there is no mechanism in FOIA for the kind of discovery that Parker's counsel suggested. See id. at 10:4-8.

The Court advised the parties that Parker should submit an affidavit about the documents and the disputed documents on the Cibola National Forest in his possession to the Forest Service to see if the parties could resolve that issue; if the parties could not come to an informal resolution, then Parker could file the affidavits and allow the Forest Service to respond. See id. at 14:15-22. Parker never filed an affidavit with the Court. On March 8, 2006, the Forest Service submitted a new declaration by Morgan, asserting that a third search, based on the documents in Parker's possession, yielded no responsive documents. See Third Declaration of Rita M. Morgan ¶¶ 3-6, at 1-2 (executed March 2, 2006)(hereinafter "Third Morgan Decl.").

## STANDARDS FOR DETERMINING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest

upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)).  An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted).  Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment.  See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).  The Court may only consider admissible evidence when ruling on a motion for summary judgment.  See World of Sleep, Inc. v. La-Z-Boy Chair, Co., 756 F.2d 1467, 1474 (10th Cir. 1985)(citing Fed. R. Civ. P. 56(e)).

As the Supreme Court of the United States has explained, "the FOIA confers jurisdiction on the district courts to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld."  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989).  A federal district court will only have jurisdiction in a suit under FOIA when "an agency has (1) improperly (2) withheld (3) agency records."  Id. (internal quotations omitted)(quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150, 100 S. Ct. 960 (1980)).  The agency has the burden "to demonstrate, not the requester to disprove, that the materials sought are not agency records or have not been improperly withheld."  Id. at 150 n.3 (internal quotations and citations omitted).  "Once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot."  Anderson v. United States Dep't of Health & Human Servs., 3 F.3d 1383, 1384 (10th Cir. 1993)(citations omitted).  See Walsh v. United States Dep't of Veterans Affairs, 400 F.3d 535, 536 (7th Cir. 2005)("In general, 'once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA

-5-

becomes moot.'" (citations omitted)); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982)(per curiam)("We would simply note at this juncture that, however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.").

In a series of unpublished decisions, the Tenth Circuit has given the "well established" standard for granting summary judgment "in favor of an agency that claims it has fully discharged its FOIA disclosure obligations." Liverman v. Office of the Inspector Gen., 139 Fed. Appx. 942, 944 (10th Cir. July 14, 2005)(internal quotations omitted)(quoting Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994)).[3] To grant summary judgment, "the agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact.  To meet this burden, the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." Id. (internal quotations and citations omitted).  The court must judge the adequacy of the search "by a standard of reasonableness" depending on the facts of the case before it.  Id. (internal quotations and citations omitted).  "In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith."  Id. (internal quotations and citations omitted). Once the agency has carried its burden, "the burden then shifts to the nonmoving party who must provide either evidence to contradict the moving party or evidence of bad faith."  Schwarz v. Nat'l Archives & Records Admin., No. 98-4070, 1998 U.S. App. LEXIS 24885, at *4 (10th Cir. October 7, 1998)(citation omitted).  "Unsupported

---

[3] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition."  This unpublished decision meets both these criteria, and the rules therefore allow citation to this unpublished decision.

allegations are not enough to satisfy this burden." Id. (citation omitted).

## EXEMPTION 5 OF THE FOIA

The FOIA "generally provides that the public has a right of access, enforceable in court, to federal agency records, subject to nine specific exemptions." Anderson v. Health & Human Servs., 907 F.2d 936, 941 (10th Cir. 1990)(citing 5 U.S.C. § 552).  The FOIA's purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.  To achieve that goal, the FOIA is designed to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Id. (internal quotations and citations omitted).  Under 5 U.S.C. § 552(a)(4)(B),

> on complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

"A strong presumption exists in favor of disclosure under FOIA and the Government bears the burden of justifying the withholding of any requested documents" under one of nine exemptions to the FOIA. Forest Guardians v. United States FEMA, 410 F.3d 1214, 1217 (10th Cir. 2005)(citations omitted).

Exemption 5 precludes release of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  Exemption 5 "covers documents which a private litigant could not obtain from the agency through normal discovery rules." Casad v. United States HHS, 301 F.3d 1247, 1251 (10th Cir. 2002)(citing Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001)).  One privilege that falls under Exemption 5's umbrella is the deliberative process privilege. See id. (citing Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill, 443 U.S. 340, 353 (1979)).

The deliberative process privilege is "a sub-species of work-product privilege that covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Nat'l Council of La Raza v. DOJ, 411 F.3d 350, 356 (2d Cir. 2005)(citation and internal quotations omitted). The deliberative process privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." Casad v. United States HHS, 301 F.3d at 1251 (quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. at 8-9).

The deliberative process privilege applies if the document is both predecisional and deliberative. See Poll v. United States Office of Special Counsel, No. 99-4021, 1999 U.S. App. LEXIS 25653, at *8 (10th Cir. October 14, 1999)(citing Grand Cent. Pshp., Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999)); Judicial Watch, Inc. v. FDA, 449 F.3d 141, 151 (D.C. Cir. 2006); Nat'l Council of La Raza v. DOJ, 411 F.3d. at 356. "A document is predecisional when it is prepared in order to assist an agency decisionmaker in arriving at his decision. It is deliberative when it is actually related to the process by which policies are formulated and decisions are made." Poll v. United States Office of Special Counsel, 1999 U.S. App. LEXIS 25653, at *8-9 (quoting Grand Cent. Pshp., Inc. v. Cuomo, 166 F.3d at 482)(internal quotations omitted).

The Tenth Circuit has identified "two factors helpful in determining whether the privilege applies: the nature of the decisionmaking authority vested in the officer or person issuing the disputed document, and the relative positions in the agency's chain of command occupied by the document's author and recipient." Id. at 1252 (quoting Senate of the Com. of Puerto Rico on Behalf of Judiciary

Comm. v. United States Dep't of Justice, 823 F.2d 574, 586 (D.C. Cir. 1987))(internal quotations omitted).

**ANALYSIS**

The Court will grant the motion for summary judgment.  Exemption 5 applies to the forty-four pages of withheld documents.  Also, the Forest Service has carried its burden of demonstrating that it has conducted a search reasonably calculated to uncover all relevant documents.

**I.     THE FOREST SERVICE MAY WITHHOLD THE FORTY-FOUR PAGES UNDER EXEMPTION 5.**

Exemption 5 precludes release of inter-agency or intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency.  See 5 U.S.C. § 552(b)(5).  Exemption 5 covers documents which a private litigant could not obtain from the agency through normal discovery rules, including the deliberative process privilege.  See Casad v. United States HHS, 301 F.3d at 1251.  The documents must be predecisional and deliberative.  See Poll v. United States Office of Special Counsel, 1999 U.S. App. LEXIS 25653, at *8; Judicial Watch, Inc. v. FDA, 449 F.3d at 151; Nat'l Council of La Raza v. DOJ, 411 F.3d. at 356.  A document is predecisional when it is prepared to assist an agency decisionmaker in arriving at his decision.  It is deliberative when it is actually related to the process by which policies are formulated and decisions are made.  See Poll v. United States Office of Special Counsel, 1999 U.S. App. LEXIS 25653, at *8-9

The parties have confined the task before the Court to examining whether the forty-four pages of documents withheld in their entirety satisfy Exemption 5.  See Transcript of Hearing at 7:5-12, 9:13-15, 10:23-11:1.  The Court has reviewed the three groups of documents that the Forest Service

seeks to withhold under Exemption 5 and concludes that they are predecisional and deliberative, thereby satisfying Exemption 5.

The first group of documents, totaling thirteen pages, provides comments on a draft Environmental Assessment and a draft Environmental Impact Statement.[4]  Specifically, three pages are review notes from Parker on the draft Environmental Assessment for an Apache Trout Habitat Enhancement Project; three pages are a draft of general combined review notes from the Regional Office on a three forest draft Environmental Impact Statement; and seven pages are comments on a draft Environmental Impact Statement.  The documents are predecisional, because they were prepared to assist the Forest Service in completing an Environmental Assessment and an Environmental Impact Statement.  The documents are deliberative because they critique drafts of documents as part of the process resulting in final versions of those documents.  The documents propose changes to the final versions of those documents to make them better work products, by including items that were not previously in them, deleting items that were in them, and emphasizing certain items over others.  Releasing these documents would expose the deliberations that went into making the final versions of those documents, thereby endangering the free flow of ideas that the deliberative process privilege protects.

The second group is a thirteen-page draft report on the potential effects of herbicides.  It contains underlining and comments on the draft in the margins.  The document is predecisional because it is a draft document made to assist the Forest Service in completing a final version of the document.  It is deliberative because it is part of the internal process by which the Forest Service

---

[4] This figure does not include two pages that the Forest Service has redacted, because the parties asked the Court to examine the forty-four pages that the Forest Service withheld in full.

generates a final version of the document and includes comments that reflect the thoughts of those involved in the project.  Allowing members of the public to have access to this document would open a window on the path that led the Forest Service to release the final version of the document.

The third and final group consists of typed comments on a draft Environmental Impact Statement.  The document includes notes of a meeting of governmental officials discussing the draft Environmental Impact Statement, including what subjects should be addressed in it and how to address those topics.  The document also includes the author's identification of problems in the draft Environmental Impact Statement and proposed methods of resolving those concerns.  The document is predecisional because the author created it before the final Environmental Impact Statement was finished.  It is deliberative because it reflects the author's attempt to influence the course of discussion within the agency on what should be in the final version of the document.  As part of the deliberative process that led to the final version of the document, it is protected, like the other two groups of materials, from disclosure under Exemption 5.

Parker responds by arguing that these documents are not predecisional; while these documents may have been predecisional before the Forest Service made the final decision, the documents are no longer predecisional now that the Forest Service has made its final decision on these matters.  Put another way, Parker contends that a document created in the run up to a decision is predecisional only until the agency makes the decision.  Parker cites to no law for this novel interpretation of the predecisional element, and the Court is not aware of any case supporting such an analysis.  Indeed, such a result would undermine the rationale behind the deliberative process privilege, which is to promote a free exchange of views among government officials by promising that internal debates will remain outside of the public view.  See Casad v. United States HHS, 301 F.3d at 1251.  If

-11-

governmental officials learn that their predecisional deliberations may be reported after the agency makes the final decision, then they will likely feel reluctant to give completely candid advice out of fear of embarrassment when their comments are made public.  See id.

**II.     THERE IS NO GENUINE ISSUE OF FACT THAT THE FOREST SERVICE IS NOT WITHHOLDING DOCUMENTS FROM PARKER.**

To prevail on summary judgment, the Forest Service must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.  See Liverman v. Office of the Inspector Gen., 139 Fed. Appx. at 944.  The search must be reasonable and may be supported by reasonably detailed, nonconclusory affidavits submitted in good faith.  See id.  Once the Forest Service makes this showing, Parker must then provide evidence, not unsupported allegations, that either contradicts the Forest Service or establishes its bad faith.  See Schwarz v. Nat'l Archives & Records Admin., 1998 U.S. App. LEXIS 24885, at *4.

At the hearing, Parker limited his concern to the lack of responsive documents on the Cibola National Forest.  See Transcript of Hearing at 8:10-15.  The Court advised the parties that Parker should submit what he contends are responsive documents on the Cibola National Forest to the Forest Service to see if the parties could locate those or other responsive documents.  See id. at 14:15-22.  Since then, the Forest Service submitted a new declaration by Morgan, explaining that the Forest Service had searched for a third time for pesticide use proposals in the Cibola National Forest in the files related to National Environmental Policy Act records, the files reasonably expected to contain those documents, but found none.  See Third Morgan Decl. ¶¶ 3-4, at 1.  This search for records supplemented two searches that the Forest Service had previously conducted, which involved contacting District Rangers to ascertain any pesticide use in the District and contacting pesticide

program personnel in the district to search in relevant files for responsive documents.  See Second
Declaration of Rita M. Morgan ¶ 7, at 2 (executed November 30, 2005).  The pesticide program
personnel searched through program files related to pesticide use, management, and coordination,
including files related to training and conduct of projects, and files related to national Environmental
Policy Act records, places likely to have responsive records.  See id. ¶ 8, at 1.  These declarations lay
out, in reasonably detailed, nonconclusory fashion, searches reasonably calculated to uncover all
relevant documents.

Parker attempts to meet his burden of providing either evidence to contradict the Forest
Service or evidence of bad faith by asserting that it is "more than mere coincidence" that the Cibola
National Forest – from which the Forest Service is allegedly withholding responsive documents – is
the same forest that Parker reported an unauthorized pesticide use incident in 2004.  See Response
at 8-9.  Parker does not provide, beyond his conclusory allegation, any evidence to support that this
lack of responsive documents is more than mere coincidence.

Parker also points to documents in his possession on the Cibola National Forest, which he
contends shows that the Forest Service is withholding responsive documents.  See Transcript of
Hearing at 7:23-9:11.  The Forest Service has explained, however, that Parker requested documents
related to pesticide use in 2002, but the documents in Parker's possession concern pesticide use in
2001.  See Third Morgan Decl. ¶¶ 5-6, at 1-2.  As such, Parker's documents do not create a genuine
issue because they do not relate to responsive documents: responsive documents would cover the
period of pesticide use beginning in 2002.  See Freedom of Information Act Request at 1.  Because
Parker has not rebutted with evidence demonstrating a genuine issue of material fact, the Court will
grant the motion for summary judgment.

   **IT IS ORDERED** that Defendant United States of America's Motion for Summary Judgment

is granted.

_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Dennis W. Montoya
Montoya Law, Inc.
Albuquerque, New Mexico

        *Attorney for the Plaintiff*

David C. Iglesias
   United States Attorney
Manuel Lucero
   Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Defendant*